IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CINDY M. STILTNER,

    **Plaintiff,**

v.                                          Case No. 3:13-cv-07513

CABELL COUNTY COMMISSION; and
CABELL COUNTY SHERIFF'S DEPARTMENT,

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Sanctions pursuant to Fed.R.Civ.P. 37(b)(2). (ECF No. 21). Plaintiff does not specify the type of sanction she seeks; instead, she leaves that to the discretion of the Court. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion for Sanctions.

The parties do not dispute the material facts. Plaintiff served discovery requests on Defendants on October 31, 2013. On December 20, 2013, after corresponding with Defendants' counsel regarding the status of responses, Plaintiff filed a motion to compel. On January 13, 2014, after giving Defendants ample opportunity to file a brief in opposition to the motion to compel, the undersigned entered an Order compelling Defendants to respond to the outstanding discovery requests by January 23, 2014. Defendants did not comply with the Order, although they did file responses on January 28, 2014. Plaintiff claims that the responses were incomplete, and Defendants concede

1

that they did not supply all relevant information with their initial answers. Accordingly, on February 4, 2014, Plaintiff filed the instant motion for sanctions.

Defendants have filed a response to the motion, making several arguments in opposition to an award of sanctions. First, they argue that their delay in responding to the requests was not a bad faith attempt to withhold information. To the contrary, Defendants claim to have diligently searched for relevant documents. Unfortunately, they were simply unable to locate and produce all of the requested materials within the relevant time frames. Second, Defendants contend that Plaintiff has not been prejudiced by the delay given that she now has the requested information, and more than sufficient time remains under the Scheduling Order to meet additional deadlines and prepare the case for trial. Finally, Defendants note that they have reassigned responsibility for management of the case, apparently to ensure more timely compliance with discovery obligations. Plaintiff did not file a reply to Defendants' response.

As Defendants point out, prior to imposing Rule 37(b)(2) sanctions, the district court must consider four factors: (1) whether the noncomplying party acted in bad faith; (2) the degree of prejudice suffered by the other party or parties as a result of the failure to comply; (3) the deterrence value of dismissal as a sanction for noncompliance; and (4) the efficacy of a less drastic sanction. *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (en banc), *cert. denied*, 535 U.S. 986, 122 S.Ct. 1537, 152 L.Ed.2d 465 (2002). Moreover, under Rule 37(b)(2)(C), "instead of or in addition to" the more severe sanctions set forth in Rule 37(b)(2)(A), the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

2

Fed.R.Civ.P. 37(b)(2)(C).

Here, Defendants offer no explanation that substantially justifies their failure to abide by the discovery order. In essence, they concede that they failed to respond to discovery requests when answers were initially due, and also failed to provide the answers within the additional time frame allowed by the Court. Defendants did not file a response to the motion to compel to explain why they were having trouble meeting the time periods allowed under the discovery rules, or seek a reasonable extension from either the Court or Plaintiff. At the time the motion for sanctions was filed, full and complete answers to Plaintiff's discovery requests were more than two months past due. Furthermore, the only reason given by Defendants for their noncompliance with the Court's order is that it was an "oversight." While the undersigned accepts Defendants' representation that their lack of diligence was not driven by bad faith or improper motive, they nonetheless failed, without reasonable explanation, to comply with the Court's order, which by itself merits admonishment. "Indeed, any noncompliance by a party with a court-ordered discovery deadline is a ground for some form of sanctions." *Bluestein v. Central Wisconsin Anesthesiology, S.C.* --- F.R.D. ----, 2013 WL 4759006, *3 (W.D.Wis. Sept. 4, 2013) (citing *Tamari v. Bache & Co.,* 729 F.2d 469, 473 (7th Cir.1984)) ("[C]ulpability of a party who fails to comply with a court order determines only which sanctions the court should impose and not whether any sanctions are appropriate at all."). Thus, the Court finds that some sanction under Rule 37(b)(2) is justified.

The Court now considers the factors delineated by the Fourth Circuit. As far as prejudice, the undersigned finds that Defendants' delay in responding to discovery likely did not cause substantial prejudice to Plaintiff in light of the deadlines contained in the

Scheduling Order. Plaintiff argues that the delay forced her to postpone taking some depositions. However, Plaintiff still has significant time in which to obtain the desired testimony. On the other hand, the Court agrees with Plaintiff that she has suffered some level of prejudice related to the attorney's fees incurred in preparing the motion to compel and the instant motion.

The Court also finds that sanctions should be imposed as a deterrent to noncompliant behavior. Defendants assert their intention to work with Plaintiff and resolve any discovery disputes going forward, but that does not entirely rectify Defendants' past behavior. Clearly, Defendants knew as early as December 10, 2013 that they had outstanding discovery responses because Plaintiff reminded them. (ECF No. 17-6). Although Defendants promised to update Plaintiff on the status of the responses, the record indicates that they did not do so. After making a second inquiry and waiting several more days to hear back from Defendants, Plaintiff filed the motion to compel. Defendants had fourteen days plus three additional days for service in which to respond to the motion; yet, they filed nothing—no discovery answers; no responsive memorandum—leading to the Court's January 13, 2014 order. Defendants never requested an extension from either the Court or the Plaintiff. And most importantly, after the order was entered, Defendants still managed to overlook their court-imposed obligation. By the time Defendants served what they considered to be complete answers, well over 90 days had passed since Plaintiff's filed their requests.

Finally, when considering which sanction to impose, the Court must select the least drastic sanction that is effective to address the violation. Having considered all of the factors, the undersigned finds that Defendants' failure to comply with the Court's order is not sufficiently serious to justify imposition of any of the sanctions set forth in

4

Rule 37(b)(2)(A). However, the Court finds that Defendants caused Plaintiff to incur unnecessary expense in preparing and filing a motion to compel and a motion for sanctions, both of which would have likely been prevented if Defendants had (1) timely communicated the reasons for delay; (2) kept their promise to update Plaintiff regarding the status of the answers; (3) sought a reasonable extension; and (4) been more diligent in collecting the requested materials. Therefore, Plaintiff is entitled to fees and expenses under Rule 37(b)(2)(C), and the Court finds no circumstances that would render such an award unjust.

Accordingly, Plaintiff shall have **twenty (20) days** in which to provide the Court with an affidavit itemizing the fees and expenses incurred in preparing the motion to compel and motion for sanctions, as well as any argument addressing the reasonableness of the requested award considering the factors contained in *Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243-44 (4th Cir. 2009). Defendants shall have **fourteen (14) days** thereafter to file a response in opposition to the Plaintiff's affidavit and argument.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** March 4, 2014

_____
Cheryl A. Eifert
United States Magistrate Judge