IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**CINDY M. STILTNER,**

    **Plaintiff,**

v.                                                            Case No. 3:13-cv-07513

**CABELL COUNTY COMMISSION; and
CABELL COUNTY SHERIFF'S DEPARTMENT,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Petition for Attorney's Fees. (ECF No. 45). Defendants have responded to the Petition, (ECF No. 69), indicating that they do not specifically oppose the amount of fees sought by Plaintiff, but do reserve their right to present evidence contesting the reasonableness of the hourly rate requested by Plaintiff in regard to any future fee award in this or any other case.

Having considered the Petition and the response, the undersigned **GRANTS** Plaintiff's petition, in part, and awards her attorney's fees in the amount of **One Thousand Six Hundred Twenty Five Dollars ($1625.00)**.

    A.    **Calculation of Hourly Rate**

When calculating an award of reasonable fees and costs under Fed. R. Civ. P. 37, the Court must "determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax*

1

*Information Services, LLC,* 560 F.3d 235, 243 (4th Cir. 2009), citing *Grissom v. The Mills Corp.,* 549 F.3d 313, 320 (4th Cir. 2008). The United States Court of Appeals for the Fourth Circuit has identified twelve factors to consider when making this determination, including the following:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson,* 560 F.3d at 243-244 (citing *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)). In the context of an isolated discovery dispute, factors 1, 2, 3, 5, 9, and 12 are most germane to the analysis.

Plaintiff requests an hourly rate of $325.00, arguing that such a rate is consistent with amounts awarded to other attorneys specializing in employment law. Notably, Defendants have chosen not to contest the hourly rate in this instance. Although the undersigned finds that $325.00 per hour is on the high end in this jurisdiction for preparing and prosecuting routine discovery motions, the lower hourly rates usually associated with such work may be explained by the fact that simple discovery motions are generally assigned to young associates, who bill lower hourly rates than more experienced attorneys. In this case, however, Ms. Hughes has practiced a number of years, operates a small boutique law firm that primarily accepts contingent-fee cases, and personally performed the tasks for which reimbursement is sought. Considering the unique circumstances here, and given the

lack of objection from Defendants, the undersigned accepts the hourly rate of $325.00.

### B. Calculation of Hours

Having determined the reasonable hourly rate in this case, the undersigned must examine the reasonableness of the number of hours expended on the motion to compel and the motion for sanctions. While the time entries for both motions are entirely reasonable, Plaintiff has also included time for communicating with defense counsel regarding the status of discovery responses prior to filing the motion to compel, and for review of the Defendants' discovery responses. The Court does not find these entries to be appropriate given that communication prior to filing a discovery motion is a mandatory and routine task that often prevents the need for a motion to compel. Thus, the undersigned does not consider such communications to constitute "making the motion" under Rule 37(a)(5)(A). In addition, reviewing Defendants' discovery responses is an undertaking Plaintiff would necessarily have performed in the ordinary course of prosecuting her case, and was not caused by Defendants' failure to timely answer the discovery requests. Accordingly, reimbursement of the expenses associated with review time is not envisioned under Rule 37(b)(2)(C), which allows only "reasonable expenses, including attorney's fees, ***caused by the failure***." (emphasis added).

Therefore, after subtracting the disallowed time entries, Plaintiff is entitled to payment of five hours at the hourly rate of $325.00. Defendants, or their attorneys, are hereby **ORDERED** to pay Plaintiff's attorney, the sum of **One Thousand Six Hundred Twenty Five Dollar** (**$1625.00)** within **thirty (30)** days of the date of this Order.

The Clerk is instructed to provide a copy of this Order to counsel of record.

**ENTERED:** April 1, 2014

Cheryl A. Eifert
United States Magistrate Judge